## SHEPARD & GLUCK v. SNODGRASS.

(District Court, E. D. Louisiana, New Orleans Division. March 4, 1920.)

No. 16110.

Attachment ☞249—Motion to vacate held not sustained by evidence.

Evidence *held* not to sustain a motion to vacate an attachment of property of a nonresident defendant, on the ground that plaintiffs fraudulently induced him to ship the property into the district for the purpose of attaching it.

At Law. Action by Shepard & Gluck against John Snodgrass. On rule to dismiss writ of attachment. Rule discharged.

Ross E. Breazeale, of New Orleans, La., for plaintiffs.
P. M. Milner, of New Orleans, La., for defendant.

FOSTER, District Judge. This suit was originally brought in the civil district court for the parish of Orleans, and service obtained by an attachment levied on 100 bales of cotton, property of the nonresident defendant, and then removed to this court. A rule was filed to dissolve the attachment, on the ground that the plaintiffs had obtained the shipment into Louisiana of the said cotton by fraudulent representations and purely for the purpose of attaching it.

It appears that the parties had dealings that resulted in a claim by the plaintiffs on account of deficiency in grades and other damages resulting from the transactions. A partial adjustment of this claim was made, and defendant agreed to deduct $2,000 from the next invoice of cotton shipped, and thereafter to deduct $500 from each succeeding invoice. Defendant wired plaintiffs that they had sold 100 bales of cotton for their account and to ship it, deducting $500 from the invoice, which seems to be in accordance with their previous agreement. The defendant shipped the cotton, deducting only $350 from the invoice, and plaintiffs declined to accept it or pay the draft. After that the cotton was turned over to another broker for defendant's account, and subsequently the writ of attachment was issued, and the cotton was seized thereunder.

Undoubtedly, if the plaintiffs had been induced to ship the cotton to New Orleans purely for the purpose of having it subjected to a writ of attachment, the attachment might properly be dissolved; but I do not find that such is the case here.

The rule will therefore be discharged.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes